IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RALPH WILSON LINGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-CV-0045-MEF |
| | ) | [WO] |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ralph Wilson Lingo ["Lingo"], an inmate presently confined at the Montgomery City Jail, challenges actions related to criminal cases arising in various Alabama counties. Lingo names the State of Alabama, Crenshaw County Criminal Case No. CC2003-000147, Tony Luker, an officer of the Dothan Police Department and deputy with the Henry County Sheriff's Department, Terry Bullard, an attorney representing Lingo in his criminal cases, Todd Register, a deputy fire marshal, and Jerry M. White, a judge for the Twentieth Judicial Circuit of Alabama, as defendants in this case. Lingo seeks placement of each of his state cases back on the respective trial docket, trials on his state criminal cases or dismissal of such cases, and withdrawal of any previously entered guilty pleas. *Plaintiff's Complaint* at 4-7.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## DISCUSSION

### A. The Illegal Search Claim Against Deputy Tony Luker

Lingo complains that defendant Luker executed an illegal search of his premises and vehicle on April 14, 2003.[2] The instant complaint asserts identical claims against this defendant as an earlier complaint filed with this court. *See Lingo v. Luker*, Case No. 1:04-CV-1188-WKW. Malicious suits are abusive of the judicial process and are not permissible under 28 U.S.C. § 1915(e)(2)(B)(i). A federal court may therefore dismiss a prisoner's *in forma pauperis* complaint as malicious where earlier and later complaints are substantially identical. *Cf. Cato v. United* States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1985) (duplicative complaint subject to dismissal under section 1915 as malicious); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (an *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier action is due to be dismissed under 28 U.S.C. § 1915).

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] 2. The court takes judicial notice of its records and the evidentiary materials filed in *Lingo v. Luker*, Case No. 1:04-CV-1188-WHA demonstrate that Judge Jerry M. White issued a search warrant for Lingo's premises and vehicle to defendant Luker on April 14, 2003.

The claim presented in this case against defendant Luker are indistinguishable from those presented in *Lingo v. Luker*, Case No. 1:04-CV-1188-WHA, which is presently pending before the court. In light of the foregoing, it is clear that the complaint filed by the plaintiff with respect to the illegal search claim against defendant Luker is malicious and summary dismissal of such claim is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Claims Barred by the Statute of Limitations

Lingo complains that defendant Register participated in the April 14, 2003 search of his home. It is clear from the face of the complaint that Lingo's claims against defendant Register are barred by the statute of limitations.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). Selection of a limitations period for §1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d at 537.

At the time the plaintiff filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's

general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l). The search about which Lingo complains occurred on April 14, 2003. Under the facts of this case, the tolling provision of *Ala. Code* § 6-2-8(a) is unavailing. Consequently, the applicable statute of limitations expired on the claims against defendant Register in April of 2005, several months prior to the filing of the instant complaint.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants

4

the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Lingo has no legal basis on which to proceed on his claims against Todd Register as this action, with respect to such claims, was brought more than two years after the violations about which the plaintiff complains accrued. As previously determined, the statutory tolling provision is unavailing. In light of the foregoing, the court concludes that Lingo's challenge to actions of defendant Register during the April 14, 2003 search are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[3]

---

[3] 3. Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

### C.  The Claims Against Judge Jerry M. White

Lingo argues that Judge White violated his constitutional rights during proceedings related to a criminal case.  He seeks declaratory and injunctive relief for adverse rulings issued by Judge White in the aforementioned proceedings.  "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'  *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)."  *Lance v. Dennis*, ____ U.S. ____, 125 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Lingo from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  544 U.S. at 284, 125 S.Ct. [at] 1517."  *Lance*, 125 S.Ct. At 1201.  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, dismissal of Lingo's claims for declaratory and injunctive relief arising from actions taken by Judge White during state court criminal proceedings is

appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

### D. The Claims Against Counsel

In his complaint, Lingo lists his attorney, Terry Bullard, as a defendant. However, any claims presented by the plaintiff against his attorney provide no basis for relief in the instant cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). Neither an attorney retained by a litigant nor one appointed by the court to represent a defendant during state criminal proceedings acts under color of state law. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject

to suit under section 1983."). Since the conduct about which the plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims asserted by the plaintiff against Terry Bullard are frivolous as they lack an arguable basis in law. *See Neitzke*, 490 U.S. at 327. Such claims are therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### E.  The Challenges to Plaintiff's Convictions

To the extent that Lingo presents claims challenging convictions entered against him by the state courts, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's

complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

A judgment in favor of Lingo in this cause of action on challenges to the constitutionality of convictions imposed upon him by the State of Alabama would necessarily imply the invalidity of these convictions and any sentence imposed for such convictions. The complaint establishes that the convictions about which the plaintiff complains have not been

invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

### F.  Pending Criminal Charges

To the extent that Lingo challenges criminal charges which remain pending before the state courts, he is likewise entitled to no relief at this time. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

In this case, Lingo has an adequate remedy at law because he may pursue his federal constitutional issue through the state court system in the on-going state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Lingo must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of any claims presented by Lingo which challenge the constitutionality

of criminal charges pending against him before the state courts and dismissal of these claims is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented by Lingo against Tony Luker, Todd Register, Jerry M. White and Terry Bullard be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. To the extent that Lingo presents claims challenging the constitutionality of convictions imposed upon him by the State of Alabama, these claims be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. To the extent that Lingo presents claims challenging criminal charges pending against him before the state courts, these claims be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or March 28, 2006 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of March, 2006.

                                  /s/Charles S. Coody
                                 CHARLES S. COODY
                                 CHIEF UNITED STATES MAGISTRATE JUDGE